# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2006-DR-00174-SCT

*GARY CARL SIMMONS, JR.*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 09/02/1997 |
| TRIAL JUDGE: | HON. BILL JONES |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | GARY CARL SIMMONS, JR.-PRO SE |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: MARVIN L. WHITE, JR. |
| DISTRICT ATTORNEY: | DALE HARKEY |
| NATURE OF THE CASE: | CIVIL - DEATH PENALTY - POST-CONVICTION RELIEF |
| DISPOSITION: | LEAVE TO SEEK POST-CONVICTION RELIEF DENIED - 11/16/2006 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**SMITH, CHIEF JUSTICE, FOR THE COURT:**

¶1.     On October 11, 1996, Gary Carl Simmons, Jr., and Timothy John Milano were indicted for the capital murder of Jeffery Wolfe while engaged in the commission of a robbery. They were also charged with the kidnapping and rape of Charlene Leaser. Their trials were severed; Simmons's trial commenced August 25, 1997, and the jury returned a guilty verdict on all counts in the indictment four days later. A separate sentencing hearing was held on the capital murder conviction, and the jury unanimously found that Simmons should be sentenced to death.

¶2. Simmons appealed to this Court and raised twenty-seven issues for consideration. This Court affirmed Simmons' convictions and sentences on December 13, 2001, and denied rehearing on February 7, 2002. *Simmons v. State*, 805 So. 2d 452 (Miss. 2001). Subsequently, Simmons filed a petition for writ of certiorari with the United States Supreme Court that was denied on October 7, 2002. *Simmons v. Mississippi*, 537 U.S. 833, 123 S. Ct. 142, 154 L. Ed. 2d 51 (2002).

¶3. Simmons returned to this Court and filed an application for post-conviction relief presenting ten grounds for relief that this court denied on January 29, 2004. *Simmons v. State,* 869 So. 2d 995 (Miss. 2004). This Court denied rehearing on April 22, 2004. Simmons again filed a petition for writ of certiorari to the United States Supreme Court, which was denied on November 1, 2004. *Simmons v. Mississippi*, 543 U.S. 960, 125 S. Ct. 436, 160 L. Ed. 2d 325 (2004).

¶4. On October 15, 2004, Simmons filed a petition for writ of habeas corpus with the United States District Court for the Southern District of Mississippi which was amended on October 17, 2004. *Simmons v. Epps*, No. 1:04-CV-496 (Gu)(S.D. Miss.). The State filed its answer on December 22, 2004. Simmons filed a memorandum in support of his petition and the State filed a memorandum supporting its answer on October 3, 2005. The case remains pending before the United States District Court for the Southern District of Mississippi.

¶5. Simmons has now filed with this Court a second, successive application for post-conviction relief under Miss Code. Ann. §§ 99-39-1 et seq.

**ANALYSIS**

## I. SIMMONS'S MOTION IS BARRED

¶6. Simmons's petition is barred under Miss. Code Ann. § 99-39-27(9) which reads in pertinent part::

> The dismissal or denial of an application under this section is a final judgment and shall be a bar to a second or successive application under this article. Excepted from this prohibition is an application filed pursuant to Section 99-19-57(2), Mississippi Code of 1972, raising the issue of the convict's supervening insanity prior to the execution of a sentence of death. A dismissal or denial of an application relating to insanity under Section 99-19-57(2), Mississippi Code of 1972, shall be res judicata on the issue and shall likewise bar any second or successive applications on the issue. *Likewise excepted from this prohibition are those cases in which the prisoner can demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence* or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence. Likewise exempted are those cases in which the prisoner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked.

Miss. Code Ann. § 99-39-27(9) (emphasis added). Simmons previously presented an application for post-conviction relief to this Court that was denied on January 29, 2004 and the motion for rehearing was denied on April 22, 2004. ***Simmons v. State***, 869 So. 2d 996 (Miss. 2004). Therefore, this motion is barred by Miss. Code Ann. § 99-39-27(9).

¶7. Simmons contends that he escapes this bar because he believes there has been an intervening decision by this Court that would have adversely affected the outcome of the sentencing phase of his trial, thus allowing him to proceed under Miss. Code Ann. § 99-39-27(9). Simmons relies on a single sentence from the withdrawn opinion in ***Rubenstein v.***

*State*, to the effect that the Mississippi Rules of Evidence do not apply to sentencing proceedings. Simmons argues this was the first time this Court has held that the rules of evidence do not apply to the sentencing phase of a death penalty trial.

¶8. Simmons contends this forces the Court to vacate his death sentence because this Court determined that a self-serving video made by Simmons after the murder was irrelevant and inadmissible hearsay during the sentencing phase of his trial. *Simmons v. State*, 805 So. 2d 452, 488 (¶93) (Miss. 2001). This is somewhat strange given how hard Simmons worked to keep the videotape from being introduced into evidence during the trial phase because of his supposed admissions therein. *Id.* at ¶94. Simmons argued on direct appeal that "the denial of the videotape as mitigation evidence prevented him from demonstrating to the jury remorse." *Id*. at ¶95. This Court found in that appeal that the tape would have allowed Simmons to "end-run the hearsay prohibition" since he was present during the trial and elected not to testify; the tape would have at most bolstered his testimony if he had testified, or prohibited cross-examination if he had not. *Id*. at ¶93. This Court also pointed out that such evidence was correctly presented through the testimony of Simmons's friend, Dennis Guess. *Id*. at ¶97.

¶9. Simmons argues incorrectly that this Court has never before held that the rules of evidence do not apply to the sentencing phase of a death penalty case. However, this Court in *Randall v. State*, 806 So. 2d. 185, 231-32 (Miss. 2001), has previously held:

> even if we find that the details of [the defendant's] prior conviction are appropriate, that Miss. R. Evid. 403 still required their exclusion. However, as the State argues, *Rules 101 and 1101(b)(3) state that the Rules of Evidence do not apply to sentencing hearings*. Thus, this argument is also without merit.

4

(emphasis added). Procedural bar notwithstanding, alternatively, we consider the merits of Simmons's argument. We find that *Rubenstein* and *Randall* were available to Simmons for a supplemental brief, for a rehearing motion after the direct appeal decision, and for his original post-conviction application. Therefore, we hold that *Rubenstein* is not an intervening decision under Miss. Code. Ann. § 99-39-27(9). *See Nixon v. State*, 641 So. 2d 751 (Miss. 1994) (interpreting the intervening decisions exemption).

## II. SIMMONS WRONGLY PLACES FAITH IN *RUBENSTEIN*

¶10. Simmons's reliance upon a single sentence in the original *Rubenstein* opinion that was not released for publication and was still subject to revision or withdrawal is improper. Rubenstein filed a motion for rehearing on January 20, 2006, which this Court granted. On August 10, 2006, this Court withdrew the original opinion cited by Simmons and replaced it with one that does not contain the sentence upon which Simmons relies. *Rubenstein v. State*, 2006 Miss. Lexis 411 (Miss. Aug. 10, 2006). Simmons cannot not receive post-conviction relief based the withdrawn opinion in *Rubenstein*.

## CONCLUSION

¶11. Simmons entirely relies on one sentence in the original *Rubenstein* opinion which was withdrawn. The opinion which replaced it does not contain the language upon which Simmons relies. *Rubenstein v. State*, 2006 Miss. Lexis 411 (Miss. Aug. 10, 2006). Furthermore, the successive petition bar in Miss. Code Ann. § 99-39-27(9) prevents Simmons from raising this motion for post-conviction relief. Simmons attempts to elude the bar under the intervening

decision exception in Miss. Code Ann. § 99-39-27(9), but the language Simmons relies upon in *Rubenstein* was already available in *Randall v. State*, 806 So. 2d 185, 231-32 (¶131) (Miss. 2001), and Simmons simply neglected to use it.

¶12. Therefore, we deny Simmons leave to seek post-conviction relief.

¶13. **LEAVE TO SEEK PETITION FOR POST- CONVICTION RELIEF DENIED.**

**WALLER AND COBB, P.JJ., DIAZ, EASLEY, CARLSON, DICKINSON AND RANDOLPH, JJ., CONCUR. GRAVES, J., CONCURS IN RESULT ONLY.**

6